We'll now turn to the final argument on the calendar this morning. That is Gupta v. Headstrong, Inc. This is a totally remote argument, so let me make sure we've got both parties on the line. Mr. Gupta, are you there? I can see you. Yes, Your Honor. Good morning. Good morning. And your adversary, that's Ms. Weisbrot. Good afternoon, Your Honors. Okay. Good afternoon to each of you. So give us one second just to turn the page and be settled. All right. What's that? Oh, okay. All right. Okay. So, Mr. Gupta, you've got five minutes, but you've reserved one minute for rebuttal, so four minutes now. The floor is yours. You may proceed. Thank you, Your Honor, and may it please the Court. I'm here to ask this Court to overturn the grant of attorney fees to Headstrong and GenPAC because in the lower court, like in the district court, Headstrong never filed any complaint against me for breach of contract. For 10 years, 12 years, there has never been any complaint, no service of someone's, no due process under federal rules or civil procedure. Well, wait. The breach of contract is for the breach of the settlement agreement, right? Which provided you would not bring additional litigation for these very claims. Yeah, but there is no such claim or counterclaim by GenPAC or Headstrong on this. There has to be a claim or counterclaim for 10 years, 12 years. They have never filed any claim or counterclaim. I have no opportunity for discovery or present any argument or do any other appropriate action. So they never filed any claim or complaint against me. So suddenly, one day somebody goes to the court and files a motion, says I got hundreds of thousands of dollars because the person has filed an INA claim against me. It is unprecedented, Your Honor. And it is hundreds of thousands of dollars. I was on H-1B visa of Headstrong. They never paid me my wages. I don't even have the money which the court asked me to pay because Headstrong is retaining my money. But you said you would not sue, and then you did, and they claimed that's a breach of contract and that the contract was very clear that if you sued, you'd be liable for reattorney's fees. But there is no such claim. Yes, Your Honor, but there is no such claim. So I have not presented my defense. For example, the clauses they are relying on, they say FLSA waiver. They say Fair Labor Standards waiver, which is impermissible under this court and Supreme Court precedents. It does not say INA claim. And there are other clauses also in the agreement which say that if the administrative agency permits you to file the complaint, you can file the complaint. So I have never been given an opportunity to present my defense. There is no complaint, no claim, no contract. But there was a motion. There was a motion, and you opposed the motion and filed a motion of your own. You cross-moved, right? I moved because I had followed the process for 10 years, and I had certain costs. Because Headstrong was found to be in violation, so I asked for the cost of litigation. That was my motion. But Headstrong and GenPAC never filed any complaint. They waived it. But if there is a breach of contract, breach was in 2008 or 2010. Mr. Gupta, did you ever claim that because that you are indigent and that the damages were out of line for that? I didn't see that in the record. Did you ever make such a claim? In my opposition, I did mention that there is economic disparity because I have not been paid my wages. That's a different issue. You did claim that the defendant or the plaintiff, whatever it was, but that the other side is much richer than you are. I'm not asking that. I'm asking whether you said that you were indigent, and so this was excessive. Because our cases don't go on the wealth of the other side. There may be some suggestion about yours, but I don't see that anywhere in the record. In the administrative report, I presented my economic status. I had given my testimony in the ANJ hearing. Even in the district court, I repeatedly filed several motions asking the court that my wages have to be paid because I have not been paid my wages. I don't have the money. So the court is aware that I'm indigent, kind of indigent. But apart from that, Headstrong, for 12 years, they never filed any motion. Why did they file after 12 years? They are not explaining that. The statute of limitation is six years. So if you want to file a breach of contract or want to file any motion, it should be within the statute of limitation. They have crossed the statute of limitation. Mr. Gupta, it sounds like what you're saying is that unless they bring a counterclaim, they cannot get attorney's fees. Is that your point? No, if breach of contract is a legal claim, as I understand, Your Honor, they have to specify which contract they are relying on, which clause they are relying on. They have to mention the damages. Then only they can file for it. Well, the agreement, but there's no question what the agreement is. The agreement was front and central in resolving your federal case, right? No, Your Honor. That's what the court relied on. This agreement was signed before the ANJ case started. It was signed in 2008. My point is that your complaint was dismissed on the basis of the settlement agreement, right? You brought a complaint in federal court. That complaint was dismissed because there was a settlement agreement, right? No, no, Your Honor. Previously in 2012, there was a case and that was remanded back to the agency. I came to the court again for the APA review after the administrative agency had issued the decision. But, Mr. Gupta, the agency said that you might have been able to get more than what you got, but you can't get it now because you agreed to the amount that you got, and that was that case. I mean, you lost the case because of the original settlement. No, first thing, Your Honor, I believe I did not lose the case because I alleged violations by Hedstrom, and Hedstrom was found to be in violation. So it was not a case that I lost on the merits. Hedstrom was found to be in violation of the wages for January 23 by the administrator and up to February 2, 2007 by the ANJ. So I succeeded on my merits. Only when they calculated the wages, they said that because in the past he had signed some agreement, so he is not entitled for extra money. But I succeeded on my merits. I was the prevailing party. They even cross-petitioned the ARB after losing in the ANJ. They petitioned the ARB to reverse part of the ANJ decision. All right. So, Mr. Gupta, you've reserved a minute of rebuttal. We've gone over, but I'll give you that minute. But I now want to hear from Ms. Weisbrod on some of these points. Okay. Thank you. Sure, Your Honor. Thank you. Yeah. Ms. Weisbrod? May it please the Court. The District Court properly granted the Hedstrom defendant's motion for attorney's fees in part and properly denied Mr. Gupta's motion for fees and costs for the following reasons. First, Gupta breached the clear covenant not to sue contained in the underlying 2008 settlement agreement between the parties, thereby entitling the Hedstrom defendants to fee shifting. And second, there's no statutory or contractual grounds for Mr. Gupta to recover any of his fees or costs. The District Court properly found that as a result of the settlement agreement between the parties for which Gupta was paid good and valuable consideration, Hedstrom is entitled to half of its attorney's fees, $105,081.05. The 2008 settlement agreement between Gupta and Hedstrom contains a clear covenant not to sue. Counsel? Counsel? Yes, Your Honor. Here's my only problem. Seems to me the case is so obvious that he agreed to that, that one can ask whether $100,000 in attorney's fees to fight such a ridiculous claim are excessive. Now, is any claim being made that they are excessive just because the thing was so simple? I mean, I'm not even sure you needed lawyers of your quality to go in and say, come on, throw this out. I know that, you know, I know attorney's fees are high, but jeepers, to fight a thing like this. Yes, Your Honor. In fact, that's exactly what the District Court focused on when they cut the attorney's fees sought in half. So the actual attorney's fees were $210,000. I'm rounding there. And because some of the, because the claims are simple, the court awarded half and cut by 50%. How did you possibly run up $200,000 on this case? It sounds like a lot of churning and a lot of duplicate work to me. Mr. Gupta filed dozens and dozens and dozens of baseless motions. And it wasn't until after multiple dozens of motions were filed that the District Court instructed and granted us the relief sought, was that we no longer had to respond to motions unless we were ordered to do so. And so we did, at every step of the way, try to limit what our client had to incur. Look, a common person looking at this case and seeing what Mr. Gupta agreed to and then violated, would say, simple case, throw it out, and faced with $200,000 or even $100,000 would wipe her brow, their brow, his brow, and say, this is insane. That's my only problem with this, of just saying, how can one make out of something like this something of $100,000 even? Now, you know, I'm not a district judge. I'm not saying Mr. Gupta raised this. I don't know that we should do anything about it. But there is something slightly offensive about sharing. There were three different district court cases filed and several different appeals, including prior appeals to this court, which were dismissed. We had to file a motion to dismiss that. There was approximately eight years of litigation, and in each instance, we filed a pre-answer motion to dismiss. So we didn't engage in discovery. We didn't take any depositions. We didn't affirmatively file any motions other than a motion to dismiss. We only responded to Mr. Gupta's frivolous motions, and we, at a number of different points, asked the court to help us keep litigation costs under control. For example, the court started requiring Mr. Gupta— Counsel, I think your better answer is that this is the kind of thing that a wise district judge deals with, and it's probably better that courts of appeals stay out of it. That is very wise, yes. Well, we haven't even been invited to do this, right? I mean, the only argument on appeal is whether or not the wealth of the defendant bars an award of attorney's fees. But there's no suggestion that the fees were churned or were overstated or were excessive because of the simplicity of the case, right? Yes, Your Honor. The issue is whether it's even—there's a basis for the fees to be awarded in the first place and whether they were reasonable, perhaps because of Mr. Gupta's status, it sounds. That hasn't been said, but I will say your briefs were very good. All right. Thank you. We will now hear Mr. Gupta for one minute of rebuttal. Mr. Gupta, are you there? Mr. Gupta? Yes, Your Honor. Okay, you have a minute of rebuttal. Go ahead. So, Your Honor, first thing, the agreement which they referred to, it has a face value of $7,000, so it did not give diversity jurisdiction to the district court. And it was a private agreement, so it did not give federal jurisdiction to the district court. So that is a question of the jurisdiction of the court to entertain even such motions. And secondly, when Hedstrom filed its motion, the papers they filed, they were not in compliance with the Southern District of New York local rules. They failed to comply with STNY local rule 7.2. So the motion was not in accordance with the local rules. And then the company for which the district court asked me to give a check, which is Genpak Limited, it is not the H-1B employer. It had already defaulted in the administrative proceeding. It never entered appearance. So how that the company can be given some benefit, that is also not clear. And to answer your question, why the amount went so much, so as I said, Your Honor, in the administrative proceeding, they never filed a motion to dismiss. I've added their briefs in my appendix that they waived and co-featured this defense for nearly 12 years. They racked up their fees on their own for whatever reason they thought fit. So after 12 years of racking up fees, if one day they go and file the motion, it is totally manifest injustice for me to be expected to pay this money. All right. Thank you, Mr. Gupta. Your time is up, but we will reserve decision. We will also reserve decision on the one case that is not being argued today, that is on submission. Before we adjourn court, let me just thank Ms. Rodriguez and thank all the folks who have made it possible for us to manage during this COVID pandemic. It has been a challenge, but we have been very fortunate to have incredibly talented people who are remarkably conscientious. We judges sort of are the tip of the iceberg, but an operation like this requires so many people with so many talents. So thank you, Ms. Rodriguez, and thank you to the IT folks. And I guess the last thing I would do, if it's not too presumptuous, is that it is a birthday for one of our colleagues today. I got this on, it's on Google, so I'm not giving anything away that's a state secret. But on behalf of Judge Calabresi, happy birthday. I'm not going to ask us to sing, but I think a round of applause is appropriate. And so happy birthday. Guido. And I'm not going to ask you to take your mask off, but there, you can blow it out. Boom. Okay. With that, we are adjourned. Thank you all very much. Thank you. Thank you.